1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

KIM ZIMAN, individually and on
behalf of all others similarly situated,
and the general public,

                                    Plaintiffs,

        vs.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

                                    Defendant.

CASE NO. 05-CV-2344 W (AJB)

**ORDER GRANTING
DEFENDANT'S UNOPPOSED
MOTION TO DISMISS WITH
PREJUDICE (DOC. 46)**

Pending before the Court is Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") motion to dismiss. Plaintiff Kim Ziman ("Plaintiff") has not opposed.

The Court decides the matter on the papers submitted and without oral argument.  See S.D. Cal. Civ. R. 7.1(d.1).  For the reasons stated below, the Court **GRANTS** the motion to dismiss (Doc. 46) with prejudice.

## I.    BACKGROUND

On April 1, 2010, this Court dismissed Plaintiff's case with leave to amend.  On April 20, 2010, Plaintiff filed his Second Amended Complaint ("SAC"). (Doc. 43.)  On May 13, 2010, Liberty Mutual filed a motion to dismiss.

The motion to dismiss was set for hearing on July 12, 2010.  As such, any

1   opposition to that motion was due June 25, 2010. <u>See</u> S.D. Cal. Civ. R. 7.1(e.2)  To
2   date, Plaintiff has not filed an opposition.

3

4   **II.    STANDARD**

5        The Court must dismiss a cause of action that fails to state a claim upon which
6   relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under  Rule
7   12(b)(6) tests the complaint's sufficiency.  <u>North Star Int'l. v. Arizona Corp. Comm'n</u>,
8   720 F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if
9   doubtful in fact," are assumed to be true. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,
10  555(2007).  The court must assume the truth of all factual allegations and must
11  "construe them in the light most favorable to [the non-moving party]." <u>Gompper v.</u>
12  <u>VISX, Inc.</u>, 298 F.3d 893, 895 (9th Cir. 2002); <u>Walleri v. Fed. Home Loan Bank of</u>
13  <u>Seattle</u>, 83 F.3d 1575, 1580 (9th Cir. 1996).

14       As the Supreme Court explained, "[w]hile a complaint attacked by a Rule
15  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
16  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels
17  and conclusions, and a formulaic recitation of the elements of a cause of action will not
18  do." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Instead, the allegations in the
19  complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u>  A
20  complaint may be dismissed as a matter of law either for lack of a cognizable legal theory
21  or for insufficient facts under a cognizable theory.  <u>Robertson v. Dean Witter Reynolds,</u>
22  <u>Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

23

24  **III.   DISCUSSION**

25       The Court grants Liberty Mutual's motion based upon Plaintiffs' failure to file an
26  opposition as required by Civil Local Rule 7.1.  The Ninth Circuit has held that
27  pursuant to a local rule a district court may properly grant a motion to dismiss for failure
28  to respond.  <u>See generally</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir.1995) (affirming

1   dismissal for failure to file timely opposition papers where plaintiff had notice of the

2   motion and ample time to respond); accord <u>Martinez v. Stanford</u>, 323 F.3d 1178, 1183

3   (9th Cir. 2003) (affirming Ghazali's applicability to Rule 12(b) motions).

4         Moreover, Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing

5   party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may

6   constitute a consent to the granting of that motion or other ruling by the court."  Here,

7   Plaintiff has failed to oppose or to request an extension of time in which to do so.

8   Relying on Civil Local Rule 7.1(f.3.c), the Court interprets Plaintiff's failure to oppose

9   Liberty Mutual's motion to dismiss as a consent to its merits.

10         Additionally, the Court notes that Plaintiff has already amended his complaint

11   twice. (See Docs. 13, 43.)  By failing to respond, Plaintiff has also failed to argue for

12   leave to file a Third Amended Complaint.

13         Accordingly, the Court **GRANTS** Liberty Mutual's motions to dismiss **WITH**

14   **PREJUDICE**.  This Order closes this case in its entirety.

15

16         **IT IS SO ORDERED.**

17

18   DATED:  July 12, 2010

19

20                    Hon. Thomas J. Whelan

21                    United States District Judge

22

23

24

25

26

27

28